# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

CHESTER DOWNS AND MARINA LLC : No. 145 EM 2015
D/B/A HARRAH'S OF PHILADELPHIA, :
                          :
              Petitioner :
                          :
                          :
              v. :
                          :
                          :
PENNSYLVANIA DEPARTMENT OF : 
REVENUE AND EILEEN MCNULTY, IN :
HER OFFICIAL CAPACITY AS :
SECRETARY OF THE PENNSYLVANIA :
DEPARTMENT OF REVENUE, :
                          :
             Respondents :

## DISSENTING STATEMENT

**JUSTICE WECHT**                                         **FILED: October 31, 2017**

      I disagree respectfully with the learned Majority's decision to suspend the filing schedule in this matter for a *fifth* time.[1] There is no compelling reason to delay this case further. I would deny the parties' Joint Application, and I would order Chester Downs to file an amended complaint within 30 days.

---

[1] On March 31, 2016, we granted the parties' first application for a stay pending the disposition of *Mount Airy*. After the Court dissolved that stay on November 22, 2016, the parties asked us to reinstate the stay until February 27, 2017. We granted that request. The parties then filed a third application for a stay on February 24, 2017, asking us to extend our stay until June 26, 2017. Again, we granted the parties' request. On May 24, 2017, the parties filed a fourth request for an extension, this time asking us to extend our stay until August 28, 2017. Once again, we extended our stay. Finally, on August 25, 2017, the parties filed the application now at issue, asking us to extend our stay another six months, until February 26, 2017.

In its 2015 Application for Relief, Chester Downs challenged the constitutionality of the same Gaming Act provisions that we later held unconstitutional in *Mount Airy #1, LLC v. Pennsylvania Department of Revenue*, 154 A.3d 268 (Pa. 2016).[2] As the Court notes in today's Order, the stay in *Mount Airy* expired on May 26, 2017. Our *Mount Airy* decision having finally gone into effect a full five months ago, and the Department of Revenue having stopped collecting the local share tax, the constitutional challenges that Chester Downs pleaded in its initial complaint are moot.

Why, then, is this case still pending? It seems that the parties are hoping to leave this matter open until the General Assembly enacts a tax scheme to replace the one that we struck down in *Mount Airy*. Indeed, in an earlier application seeking a "stay," Chester Downs and the Department of Revenue asked us to suspend the filing schedule "in order to afford the parties time to respond to *any action the General Assembly might take* before then to remedy the unconstitutional provisions of the Gaming Act." *See* Joint Application for Relief, 12/5/2016, at 3 (emphasis added).

The mere possibility that new legislation may be forthcoming is not a compelling reason to delay this litigation. The vicissitudes of the political branches often affect or lead to proceedings in the judicial branch, but those vicissitudes develop and exist in a parallel universe. As a general principle, the judiciary should not allow litigants to keep cases open and pending on a courthouse shelf as placeholders for unknown constitutional challenges that may or may not materialize in the future.

---

[2] Initially, we stayed our decision in *Mount Airy* for 120 days, *sua sponte*, in order to give the General Assembly an opportunity to evaluate and pass potential remedial legislation. *See Mount Airy #1, LLC*, 154 A.3d at 280. Two weeks before the scheduled expiration of that stay, Senators Joseph Scarnati III, Jake Corman, and Jay Costa filed with this Court an application for extraordinary relief, wherein they asked us to extend our stay for an additional 120 days. Over my dissent, this Court granted the Senators' request, and issued an order extending the stay in *Mount Airy* until May 26, 2017. *In re Amendment to Pa. Race Horse Development & Gaming Act*, 164 A.3d 492 (Pa. 2017).

Because it has yet to articulate a justiciable legal challenge that falls within our Court's original jurisdiction, Chester Downs should either file an amended complaint (perhaps challenging the constitutionality of some other Gaming Act provision) or discontinue this litigation.

Justice Donohue joins this dissenting statement.